Patrick McRorie
Phillip S. Lorenzo (*admitted pro hac vice*)
Keith P. Ray (*admitted pro hac vice*)
Lathrop & Gage LLP
370 17th Street, Suite 4650
Denver, CO 80202
720-931-3200
720-931-3201 (fax)
ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JUSTIN and TERESA MEEKS,<br><br>Plaintiffs,<br><br>v.<br><br>YORK INTERNATIONAL CORPORATION<br><br>Defendant. | Civil Action No. 10CV0125-J |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs Justin and Teresa Meeks ("Plaintiffs"), by and through their attorneys Lathrop & Gage LLP, submit the following Amended Complaint and Jury Demand and allege as follows:

### Introduction

On December 15, 2009, the Meeks's home and all of its contents were destroyed in a fire caused by their Coleman gas furnace. The furnace was manufactured and sold by defendant York International Corporation ("York"). Due to numerous fires caused by heat exchanger failures in the same or similar model furnaces, York had issued a recall of the defective furnaces. When the heat exchanger failed in the Meeks's defective furnace, they lost not only their home,

but all of their personal possessions including the family dog. The Meeks seek to recover damages for the fire loss caused by their Coleman brand gas furnace.

### Parties

1. Plaintiffs Justin and Teresa Meeks are Wyoming residents.

2. At all times relevant herein, Plaintiffs owned a home located at 27 Glenco, Diamondville, Wyoming.

3. Defendant York is a Wisconsin corporation with its principal place of business located in Milwaukee, Wisconsin. York, through it and/or its subsidiary corporations, manufactures and sells Coleman brand gas furnaces.

### Jurisdiction and Venue

4. Venue and jurisdiction are proper in this court pursuant to 28 U.S.C. 1332. There is complete diversity of citizenship between plaintiffs and defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

### General Allegations

5. Plaintiffs owned a home located at 27 Glenco, Diamondville, Wyoming.

6. The home was heated by a Coleman gas furnace manufactured and sold by York ("Furnace").

7. A furnace system, such as the one in the Meeks's home, has four basic components: a burner where natural gas or propane is delivered and burned; a heat exchanger where the heat from the burning gas is transferred to the air distribution system; ductwork to

2

transfer the heated air throughout the home; and a flue or vent pipe to exhaust byproducts of combustion outside.

8. On or about December 15, 2009, a fire destoryed the Meeks' home and contents.

9. The fire originated at the wall between the Furnace and a kitchen counter.

10. The fire was caused by the failure of the furnace's heat exchanger.

11. The fire caused extensive damage to the property.

### FIRST CLAIM FOR RELIEF
### (Strict Product Liability)

12. Plaintiffs incorporate by reference all other allegations of this Complaint as if fully set forth below.

13. York was engaged in the business of manufacturing and selling the Furnace.

14. The Furnace was in a defective condition that was unreasonably dangerous to Plaintiffs when the product left York's hands.

15. The Furnace was intended to and did reach Plaintiffs without substantial change in the condition in which it was manufactured and sold.

16. The Furnace caused physical damage to plaintiffs' home and other property.

17. Plaintiffs suffered damages in an amount to be proven at trial as a direct result of the defect in the Furnace.

### SECOND CLAIM FOR RELIEF
### (Negligence)

18. Plaintiffs incorporate by reference all other allegations of this Complaint as if fully set forth below.

19. York owed Plaintiffs a duty of reasonable care.

20.     York breached that duty of care owed to Plaintiffs by failing to exercise reasonable care to prevent the Furnace from creating an unreasonable risk of harm to the person or property of one who might reasonably be expected to use or be affected by the Furnace while it was being used in the manner York might have reasonbly expected..

21.     Plaintiffs were persons York should reasonably have expected to use or be affected by the Furnace.

22.     Plaintiffs suffered damages that were caused by York's negligence, while the Furnace was being used in a manner York should reasonably have expected.

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendant in an amount necessary to fully compensate it for all the losses and damages suffered, including pre- and post-judgment interest, and for such other relief as this Court deems proper.

**Plaintiffs request a trial by jury for all issues so triable.**

DATED this 31st day of August, 2010.

LATHROP & GAGE LLP


By: /s/ Keith P. Ray
Keith P. Ray

ATTORNEY FOR PLAINTIFFS
JUSTIN and TERESA MEEKS


## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2010, I electronically filed the foregoing **AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Lance E. Shurtleff
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO  80202

/s/ Keith P. Ray
Keith P. Ray
LATHROP & GAGE LLP
370 17th Street, Suite 4650
Denver, CO  80202
Phone:  (720) 931-3200
Fax:     (720) 931-3201
kray@lathropgage.com
ATTORNEYS FOR PLAINTIFFS

DNVRDOCS 21380v1

5